IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUNSET MANAGEMENT, LLC | § | |
| | § | |
| | § | CASE NO.    4:06cv18 (LEAD) |
| | § | 4:06cv361 (Cons) |
| V. | § | 4:06cv483 (Cons) |
| | § | (Judge Schneider/Judge Bush) |
| | § | |
| | § | |
| AMERICAN REALTY | § | |
| INVESTORS, INC, ET AL. | § | |

### ORDER DENYING MOTION TO EXCLUDE THE TESTIMONY OF SUNSET MANAGEMENT LLC'S EXPERT WITNESSES

Now before the Court is American Realty Investors, Inc.'s, Basic Capital Management, Inc.'s, EQK Holdings, Inc.'s, American Realty Trust, Inc.'s, Triad Realty Services, Inc.'s, Syntek West, Inc.'s, Regis Realty, Inc., and Art Williamsburg, Inc.'s ("Movants") Motion to Exclude the Testimony of Sunset Management, L.L.C.'s Expert Witnesses (Dkt. 51). Having considered the arguments and evidence before the Court, the motion is denied.

Movants challenge the expert testimony of Brian Reid and Craig Noell, who are both bankers designated by Sunset to offer opinions regarding: (1) the commercial reasonableness of the terms of the loan at issue and the lender's loan services provisions and practices; (2) industry practices regarding multi-million dollar loans; and (3) what the accepted meaning of the term "tender" is in the banking industry. Movants claim that Reid's and Noell's expert reports fail to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which outlines the requirements for an expert disclosure and report.

As with other motions before this Court, it appears the Bankruptcy Court has already ruled on this issue. A review of the record indicates Judge Rhoades denied Movants' requests to strike the reports as insufficient, while leaving any *Daubert* issues for this Court to address. Nonetheless, because the Bankruptcy Court appears to have indicated to the parties that they could re-urge expert issues at a later date, the Court will briefly address it.

Rule 26(a)(2)(B) requires the party to submit written reports prepared and signed by their expert witnesses. The Rule requires the following:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. FED. R. CIV. P. 26(a)(2)(B).

In accordance with the Rule 26(a)(2)(B), Reid's and Noell's reports contain the opinions to be expressed, the reasoning behind them, the materials reviewed in forming the opinions, the qualifications of the witness, and the compensation paid. The Court finds that the reports are sufficient as to those areas. Movants also complain that the reports are insufficient because they do not list any of the expert's publications, prior experience, or supporting data underlying their opinions, as outlined in Rule 26. The Rule, however, does not require the expert to list any supporting data, publications, or prior expert experience, if there is none. Any lack of supporting data, experience and publications goes to the reliability of the expert's opinion under Rule 702 of the Federal Rules of Evidence and *Daubert*.

Notably, Movants here have not made a *Daubert* challenge (or if they have tried to, they have not done so sufficiently) to the reliability of the opinions; they merely make a procedural attack on

the sufficiency of the contents of the expert reports. Movants have not alleged that they have not been able to obtain sufficient information to allow them to cross-examine the witnesses at trial or obtain additional information regarding the expert opinions. Indeed, it appears Movants have deposed both experts, allowing Movants to address their concerns about the contents of the expert reports and also allowing the experts to expound on the opinions contained in their reports. *McKnight v. Purdue Pharma Co.*, 422 F. Supp. 2d 756, 759-60 (E.D. Tex. 2006) (refusing to strike expert where deposition testimony filled in the gaps in the expert's report). The Court finds that Sunset's expert reports are sufficiently detailed to comply with the requirements of Rule 26(a)(2)(B) and declines to strike them on that basis.

Movants also challenge the reports of Reid and Noell, arguing that they are almost identical to each other and are the written product of Sunset's lawyers, rather than the experts' own work. Again, the primary focus of Movants' argument is *how* the reports were prepared, not the reliability of the opinions contained in them. While the fact that the experts' reports were prepared with the assistance of Sunset's counsel (and indeed appear very similar to each other) may go to the credibility of the testimony and the opinions offered, it does not make the reports automatically inadmissible. *See* FED. R. EVID. 611(b) (cross-examination of may focus not only on the subject matter of the witness's direct examination, but also on any matters affecting the credibility of a witness); *McKnight*, 422 F. Supp. 2d at 759. The Court finds that Movants' criticisms of the expert reports are more properly a topic for cross-examination, rather than exclusion of the experts altogether. *See, e.g., Elm Grove Coal Co. v. Director, O.W.C.P.*, 480 F.3d 278, 301, n. 23 (4th Cir. 2007) ("The fact that a lawyer has participated in the preparation of his testifying expert's report does not bar the use of the expert's opinion, or necessarily even impeach the expert's reliability. Such

participation does, however, potentially impact on the weight to be accorded such opinion evidence.").

For the foregoing reasons, the Motion to Exclude the Testimony of Sunset Management, L.L.C.'s Expert Witnesses is, therefore, denied.

**SO ORDERED.**

**SIGNED** this 22nd day of August, 2007.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE